Are you ready? Okay, we will take up Bjornsdottir v. Suttell & Hammer. And we'll hear from appellant, Mr. Knutson. Thank you, Your Honor. I'll reserve five minutes. I'll start my timer. May it please the Court, Brett Knutson for Appellant Anna Bjornsdottir. Ms. Bjornsdottir appeals the District Court's denial of her motion for summary judgment in which she asserted that defendants falsely represented her obligation to pay a debt arising out of a Discover credit card. Based on the representations that they made in the collection complaint, filed in the State Court to recover that debt. How is this not precluded by what happened in the State Court? This seems like a redo. So, and let me just run through the, so what they alleged in the State Court was that her failure to dispute the billing statements established an agreement that the sum that they sued her for was correct and that the law implies that she promises to pay that sum. And then they also alleged that she had failed to pay for the use of her account and that the law allowed her to, allowed them to have a judgment in that same amount under the theory of unjust enrichment. So in the District, I mean, I'm sorry, in the State Court, she moved to basically to show that they had failed to state a claim and asserted that Discover's own testimony proved that they had no intent to reach an agreement on the amount owed when they sent those billing statements and that there was no attempt to prove the unjust enrichment claim. So Discover, represented by defendants, moved against her claim. As they responded to her claim, they didn't actually file a cross motion on that claim. So that's, the non-moving party, they said, Bjorn sort of failed to prove that the account had not been stated. They filed an independent motion to prove that she owed the debt in which they argued that they had actually alleged a breach of contract claim or something for money's due or an account. So the court- I mean, they claimed that your client owed $1,600. You had some arguments as to why you claimed that that was illegally invalid. Those were necessarily rejected. And now your federal complaint is trying to re-litigate the same issues. Right. So issue of preclusion requires proof of what was decided by the state court in this context. And there's no evidence of what the state court actually decided. It also requires- Well, there is. They granted summary judgment to Discover. They granted Discover's motion for summary judgment. So the issue that was decided was the issue presented by Discover's motion for summary judgment. It wasn't the issue that Discover- I mean, that Bjorn's daughter asserted in her motion. So issue of preclusion only applies when the issue is necessary for the judgment to be sustained. Their motion- Counsel, can I ask, do we know if the state court decided on the account stated or the unjudged enrichment claim? We don't know. So Bjorn's daughter- So it could have decided on both or one? Say it again, please. They could have- the state court could have decided on both claims or one of the claims, right? No. So Discover Bank did not attempt to prove the account stated or the unjust enrichment claim. All they said was that Bjorn's daughter had not met her burden of proof to show that those two claims should be dismissed. The only claim they proved was what they filed in their motion. So they only attempted to prove the breach of contract claim that they said they alleged, that they had sufficiently alleged, or an account. They didn't nail that down, but what they said was she owed money and that she hadn't contested the amount owed in this state court action and that they had sufficiently proved that there was an agreement on the contract and they were entitled to judgment based on those facts. They never attempted to prove the account stated or the unjust enrichment claim. They just contested- These are labels. I mean, account stated unjust enrichment are labels for saying you owe me $1,600 and they proved that because they won that. Your client was ordered to pay that. Well, I mean, to say that is to say that due process has no role in our legal system. It's just, hey, you owe the money. You could just file a collection complaint that says you owe the money. Due process requires that a claim be asserted that if proven by the alleged facts would result, would support a judgment for whatever the relief demanded. So, it matters. It is absolutely critical that a defendant is put on notice of what claim she is defending against and what claim they're attempting to prove. But isn't what your client's trying to do in this case is attack the validity of the state court judgment that awarded Discover $1,600? Absolutely not. Let's say that she prevailed- When you say she had no due process because the state court just awarded Discover $1,600 because she didn't prove enough evidence that she didn't know it. And if that's the fact, then she really is just trying to either attack that judgment that she did owe it in the federal court, or she's attempting to re-litigate the same thing. So, let's just assume that she prevailed on her FDCPA claim. That judgment would not impact Discover's judgment. There would be no connection between the two. In other words, that $1,500 judgment would remain as it was, and her claim would depend on proof of an entirely different set of circumstances. Wouldn't the federal judgment have the effect of reversing the state court judgment by requiring the award to be reversed? So, Discover would owe the $1,600 back. No, because what you're saying- So, you're saying that it doesn't matter what the claim is that's alleged in the collection complaint. You're saying it only matters that she owes the money. And the FDCPA doesn't care that you owe her debt. That's fine. What they care about is whether or not the collector engaged in deceptive or unfair practice. So, you can contest what the collector did to obtain that judgment without having to prove that the judgment was improper. Okay, I take that point. I accept that point. But are you saying that someone to whom a debt is owed doesn't have a right to file a complaint to get it back? I mean, what's the unfair practice you're alleging here? So, when you tell a consumer that the failure to dispute the billing statements proves that the debt is owed, you're telling the consumer that years ago when she got those they don't have to prove entitlement to whatever the right to interest or finance charges or even whether or not those charges on the account are authorized. They're saying, you snoozed, you don't get a chance to litigate those issues in state court because you didn't dispute it then. And there's no way that could sustain a judgment. And you're attacking the judgment that that sustained, right? That they didn't get to that judgment by proving that her failure to dispute the statements entitled them to judgment. They gave up on that. They didn't prove unjust enrichment or they didn't prove an agreement was possible by proving she did not dispute the billing statements. What they proved was, we have actually alleged a contract claim. So, forget about all that other stuff Joestar is talking about. We have a contract that she hasn't disputed or proven is improper. I'm at my 10 minutes. So, we get judgment based on a contract claim. And this is an abstract point for you as a judge sitting there and thinking, ah, she owes the debt. Whether or not you owe the debt is a very complicated question in consumer finances. So, for example, you can't prove that that $35 late fee is owed based on Joestar's failure to dispute it when it appeared on a billing statement two or three years ago. You have to prove a contract right to that fee. And by alleging that you are pursuing a contract and the facts that rise to the amount owed, you're putting the cardholder on notice or the collection defendant on notice of what is needed to prove that debt and how she decides to proceed going forward on that. What you're really saying is the state court shouldn't have awarded her judgment based on the theory raised by Discover. No. So, you can't tell what the state court did other than to say that they granted Discover's motion. And if you look at- All right. You want to reserve the rest of your time? Thank you. Thank you. Okay. Mr. Kono? Thank you, Your Honor. Good afternoon. Kevin Kono for- I may please the court, Kevin Kono for Defendants Sutell and Hammer and Patrick Lehman. I think the discussion here shows that what plaintiff is, in fact, asking this court and what the plaintiff asked the district court to do through the argument and her FDCPA claims is absolutely to go back and revisit what the state court did, why the state court did it, whether the state court was right, and to undo the judgment or the impact of the judgment issued in favor of defendant's client, Discover Bank. The district court here correctly found that it lacks subject matter under jurisdiction under Rooker-Feldman and correctly found that issue preclusion barred her claims. Plaintiff's FDCPA counts one and two is absolutely based on the notion that Discover Bank could not have validly asserted the claims that it asserted and that the state court entered judgment on and found in favor of Discover Bank, defendant's client. Plaintiff also seeks in her FDCPA complaint as part of her relief. Fees and costs incurred, in stopping the illegal collection action. That is a direct claim of injury from the state court action and judgment. That's not correct. The injury is the fees and costs associated with defending the action, which she would have incurred whether or not she won or lost. I think we've been clear in our cases that Rooker-Feldman's not implicated where you're all these other defenses, I know, but I don't see how she's challenging a state court judgment. The only way that plaintiff, your honor, can recover fees and costs in Oregon state court action if she is the prevailing party. So that is why it's an attack on harm from the judgment. It attacks as illegal. She's not alleging fees under Oregon law. She's alleging fees through the FDCPA. Again, maybe she's not entitled to those for all kinds of other reasons, but that's her argument here. Respectfully, your honor, I think she's requesting two categories of fees in her complaint. One is if she prevails in her FDCPA action, attorney fees under the FDCPA. And secondly, she is seeking her attorney fees and costs incurred in defending the state court action. As FDCPA damages, again, maybe she shouldn't get those due to issue preclusion or for lots of other reasons, but I don't think that she's seeking to undo the judgment. She's not challenging the judgment per se. Her argument implies that the judgment was incorrect, but that's essentially true of every issue preclusion argument in most cases. Well, your honor, there are two prongs here and two grounds on which the district court correctly granted summary judgment. One is issue preclusion, which we've talked about and I will get to further, but the first is fundamentally the question of subject matter jurisdiction in Rooker-Feldman. And what Rooker-Feldman says is that a plaintiff brings a de facto appeal of a state court judgment if the federal claims are inextricably intertwined with the state court's determination. And this is the Ruser case that says that it's inextricably intertwined if adjudication of federal claims would undercut, would quote, undercut the state ruling. And that's what we have here. We also have language from other cases from this circuit, the Cooper case that talks about inextricably intertwined occurring, quote, if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it. I think you're correct under Ruser that at least under Ruser, there's a broader test for Rooker-Feldman, but then there seems to be an alternate line of cases in the Ninth Circuit, the Bell cases, which are much more stringent. And I don't see how you make it under that, the Bell test. I see how you make it under the Ruser test. I don't see how you make it in the Bell test. What do we do with that conflict in our case law? Thank you, Your Honor. I think you're correct. There are essentially what I would call two lines of cases here. There's what you're calling the Bell test, which really started with Noel V. Hall. That's right. Bell cited Noel V. Hall, which is the case that created this two-step analytical structure. And respectfully, Noel was wrong in interpreting Feldman to support the notion that inextricably intertwined is not part of the test to determine whether there is a de facto appeal. And if you back and you look at the Feldman case, Feldman involved a challenge to a lawyer who was seeking admission in the D.C. bar and under a rule that said that you couldn't be admitted to the bar unless you graduated from an accredited law school and he had not. And so in Feldman, the challenge was to the admission, the particular admission decision, and to the applicability broadly of the rule that provided that you needed to have it. But in Feldman, it was actually the court that conducted admission. So the court did create the injury. Well, in Feldman, that is correct. It was a judicial proceeding that resulted in the decision. Where I was going with Feldman was the development of the inextricably intertwined test. I see. And this notion that Noel says it's separate from de facto appeal and that's not supported by Feldman said it mentions inextricably intertwined in two places. The first place it mentions it is in footnote 16, where it says in the context that I've just described, if the constitutional claims presented to United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state court decision. That is a singular test combining that makes inextricably intertwined part of the determination of whether the district court is being called upon in essence to review the decision. And then when it applies that test later in the case, it simply says applying the standards that it's discussed, the allegations are inextricably intertwined with the prior judicial proceedings and therefore there was no jurisdiction. So to your original question about what you do with the my argument is that the Reusser, Bianchi, Doe line of cases correctly construe Feldman and the Noel line of cases does not. Well but I mean the Exxon cited favorably Judge Fletcher's opinion for the court in Noel, so that's a difficult argument. It cited Noel but not for the idea that there was the correctly construed or created a two step test. So I understand that that is absolutely accurate that it was cited in Noel and the court and that this court has construed that citation as supporting the analytical structure, but I don't think it was in Exxon citing it for that proposition. But I do maintain that under any test, this is an attack on the judgment for the reasons I've effectively through an offset and you know this is where this is where Rooker-Feldman can get tricky and where the real risk is, is that you're not going to have as many cases where there's a direct challenge to the appeal, excuse me, to the state court judgment that says I want you to undo this judgment because that is so plainly barred by Rooker-Feldman that people are going to get creative and they're going to look for ways to undercut that state court judgment that make it look like they're not. And here we have effectively an offset against the judgment multiple folds over based on a request and in a necessary finding for the plaintiff here to prevail. Well that's a really good transition to your to your issue preclusion argument. Can you kind of spell that out? Yes your honor I'm happy to. So the one key point here and plaintiff's counsel alluded to it, plaintiff the defendant in the state court action filed her own motion for summary judgment in which she made all of the arguments that she bases her FDCPA claim on. She argued against unjust enrichment, she argued against accounts stated, the argument in support of her motion for summary judgment in the state court case was you haven't pleaded a legally sufficient claim and you haven't put on evidence to support either one of those claims. The state court denied that motion for from this record and it was necessary to to deny that motion for summary judgment. Without that denial the state court could not have gone forward and granted summary judgment in favor of discover bank right. If if there were issues of fact as to the ability to assert an unjust enrichment or accounts dated claim if there was an absence of evidence on those claims then the state court couldn't have proceeded to summary judgment, shouldn't have denied that motion and couldn't have proceeded to award summary judgment in favor of discover bank. So those issues were absolutely fully litigated in the state court case. A plaintiff's counsel argued but there can't be issue preclusion if you don't know and that's not accurate and I would direct the court to the state case which we've cited in our briefing. It's an issue preclusion case that says when you're looking to the issues to apply issue preclusion you look to well is it stated on the face of the judgment in which case you don't need to look deeper and if not then you you can look at well it was the issue fully litigated and necessary to the resolution of the claim and here we know it was necessary to the resolution of the claim and I would also note that in that's where I don't understand why is it necessary to resolution of the claim. There's two claims account stated in unjust enrichment. If the district court I mean the state court found one of the claims was valid then we don't know what the district the district court didn't need to reach the second claim. Well we don't know whether the state court ruled on one or both or the other. Exactly. That kind leads to to to Rooker Feldman and that we're sitting in review of you know should the state court have done something different and that was for the state court appellate process. Well I mean didn't you just completely undermine your issue preclusion argument though? I'm saying it's it's it's both because I'll finish with respect to issue preclusion but what we also know is that the state court denied the motion to amend to add a breach of contract claim as moved. So we have a complaint that asserts unjust enrichment and account stated and we have a judgment entered on that complaint. So you know that that adjudicates the issues fully now to your to your question. It does it adjudicates at least one claim fully we just don't know which one. Right well and so this is where State v. Ibsen is particularly informative because in State v. Ibsen this is this is how it shows that plaintiff's motion for summary judgment the orange daughter's motion in the state court and its denial where again all of these issues were unquestionably raised was necessary to the adjudication of of the claims irrespective of which claim the state in in Ibsen the issue was whether evidence was admissible and there it was the denial of a motion to suppress evidence it was a criminal case that the Oregon Court of Appeals said was necessary to the resolution of the case because that evidence or the state needed to put on all of its evidence in order to reach its conviction and it didn't say but we have to know which evidence the court relied on or the jury relied on but denial of that motion to suppress was necessary to the resolution of of the the case and therefore the plaintiff in Ibsen couldn't re-litigate the admissibility of the evidence. So under State v. Ibsen we have control you know Oregon appellate law that shows that or supports that denial of the motion for summary judgment would be an issue and the issues contained in the orange daughter's motion for summary judgment were necessary to the resolution of the case and therefore barred by issue preclusion. But Oregon law also requires the the judge essential to the final judgment right that's that's the problem I think is we don't know what was essential to the state court's judgment. But but that's what State v. Ibsen that's the exact prong that was is addressing in the final paragraph of that case. Okay I'll take a look at that. You're not asking us to affirm on on the merits right the district court if if say we assume we disagreed with the you know the subject manager section claims you're not asking to affirm on the merits right on claim at least count one or two and two. I'm not fully sure I understand your question we're asking I'm sorry your honor I would argue that it's wasn't false misleading or deceptive to assert these claims in the state court action. Those weren't grounds for the motion for summary judgment that the defendants brought in in before the district court. So this court can't affirm on any grounds that the record supports and I think the record would support the motion for summary judgment. A finding on the merits but that's not a relief we've affirmatively requested on those counts. Now count three is a little different because those aren't Rooker Feldman and issue preclusion issues but rather the idea that there is there was a good faith basis to assert entitlement to the discretionary award of $65 on the cost bill. I'm just about out of time I'm happy to answer any questions on any of the other prongs that the court may have otherwise we would ask the court to affirm the district court both in the award of summary judgment and the grant of attorney fees. All right thank you counsel. Mr. Newton. So if you look at Reaser or Rooser they're actually applying issue preclusion. They don't identify the state court error that's being challenged by this 1983 action. They simply say this issue was litigated in state court you're trying to litigate the exact same issue in this court so and that state court ruling controls the outcome. They don't actually identify a de facto appeal or an appeal or a challenge of legal error that would have impacted that state court ruling on the issue. So I don't think Reaser is very well articulated. Reaser does not articulate the Rooker Feldman issue at all. If on issue preclusion if Bjornstadter's let's just say Discover Bank did not move for judgment at all in that case in the state court case and the state court had denied Bjornstadter's motion would Discover Bank be entitled to a judgment at that point. There's no because they did not move for judgment. They moved for judgment when they filed their motion and their motion was what was granted and that is the basis for that judgment for the debt and it depended on the proof that they submitted in that motion for summary judgment in which they argued that they had actually alleged the breach of contract claim. So they didn't say that the account stated that unjust enrichment claims were the only claims they alleged. They went back and said hey I think we alleged sufficiently a breach of contract claim or an account claim and therefore we should be entitled to judgment on that. The fact that the state court didn't grant their motion to amend to allege those additional contract claim or account claim and all that doesn't imply what defendants are saying. It implies that the state court accepted that they had sufficiently alleged a contract claim within that original collection complaint and let me just point out that if you look at what they argue that their brief at 28, they say that the district court, I'm sorry, the state court denied her motion on the merits and they cite to the record at 37. It doesn't say anything like that. All it identifies is that the state court denied her motion and granted theirs. So and then their assertion that these are cross motions isn't accurate at all. The other point I'd like to make is that on the $65 service fee, the language forbids the awarding amount in excess of $45. It doesn't matter if you even if you have a $45. But if you look at subsection, it's ORS 2115, subsection 1B. It says you can recover the amount paid to a person other than a sheriff for service of process except as provided in subsection 2 does not include that right to the cost of service if you have a right under the contract. That's like subsection 4. So if that contract right applied and allowed you to collect a greater fee than that allowed by subsection 1B, it would have to be identified as an exception within 1B. The only exception is subsection 2. And subsection 2 also does not include subsection 4. So had they wanted to include the right of a contract to expand the amount that you could recover, they would have had to put that in subsection 2 because it literally says you don't get anything more unless you can prove it under subsection 2. So subsection 4 makes sense when you think about what other avenues there are for service. So it just says it doesn't limit the ability to recover any reasonable cost of service if the party has a contract right to recover those services. So if you had to serve somebody by publication, that first section, 1 through 3, would not give you a right to recover that fee. So that subsection 4 makes sense if it applies to those additional costs of service that aren't covered in that section. So for instance, you could serve by mail. You wouldn't get that under this section. You'd have to have a contract right to recover that cost of service by mail. Right. Well, Counselor, you've exceeded your time. Do you want to sum up? I'm sorry? You've exceeded your time. Do you want to sum up? So it's a very narrow issue. There's no identification by the district court of a legal error that's being challenged. Issue preclusion only applies if you can prove what was actually decided by that state court that was necessary for the ruling. You can't tell anything about what was decided other than she owes that amount of money, and she doesn't challenge that. She's said from the beginning, look, the problem is you can't prove I owe the debt by saying I didn't dispute those statements or that I didn't pay for my costs. Maybe this panel won't see it, but there's an associated claim, Nyberg versus PRA, and on that case, that puts a lot of these issues about the merits of accounts stated and a credit card debt at issue. And the idea that this $35 service fee was actually a $65 fee has absolutely no merit. I mean, you cannot say that the $65 was the amount paid to serve to the individual who paid. All right. All right, counsel. I think we fully understand your argument. Gornstetter versus Settle and Hammer will be submitted, and the session of the court is adjourned. Thank you, Your Honor. Thank you, Your Honor. This court for this session stands adjourned.
judges: WARDLAW, BRESS, BUMATAY